UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARVIN BOWMAN, ) | |
| ) | |
| Plaintiff, ) | No. 1:21-CV-03015 |
| ) | |
| v. ) | |
| ) | Judge Edmond E. Chang |
| SHARON JONES COLEMAN, ) | |
| ALI MUHAMMAD, and ) | |
| CITY OF CHICAGO BOARD OF ) | |
| EDUCATION, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Chicago public school teacher Marvin Bowman has filed a complaint of employment discrimination against the Board of Education of the City of Chicago, and Bowman also named as defendants his boss and a colleague. Bowman alleges that he has faced discrimination and retaliation because of his religion and because of his advocacy on behalf of special-needs students. R. 1, Orig. Compl.; R. 5, Am. Compl.[1] The Defendants have moved to dismiss the individually named defendants, Ali Muhammad and Sharon Jones Coleman, and to strike Bowman's request for damages for his former special-needs students. R. 20, Defs.' Mot. For the following reasons, the Defendants' motion is granted.

---

[1] Citations to the record are noted as "R." followed by the docket entry. The Court has jurisdiction over this case under Title VII of the Civil Rights Act of 1964 and 28 U.S.C. § 1331.

## I. Background

The Court accepts all well-pleaded factual allegations in the Complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The operative complaint in this case is the amended complaint that Bowman filed *pro se* on June 9, 2021. R. 5. The Court will also consider the allegations in the EEOC charge that was attached to Bowman's original Complaint, and the consistent allegations presented in his response brief. Bowman is a *pro se* litigant, so he is entitled to have the filings liberally construed.

Marvin Bowman is employed by the Chicago Board of Education as a regular classroom education teacher at Corliss High School. R. 1, Orig. Compl. at 2; Am. Compl. at 2; R. 1 at 7, EEOC Charge. He has worked for the Board since around 2004. EEOC Charge. Bowman says that he identifies as a "Bible Christian" and sometimes needs to take time off work to observe religious holidays. EEOC Charge; R. 22, Pl.'s Resp. at 2.

Bowman claims that when Ali Muhammad became principal of Corliss High School (four years before the filing of this lawsuit), Bowman's classes began filling up with "unusually high numbers of special needs students." Orig. Compl. at 5; Am. Compl. at 4. Bowman raised the issue with Muhammad, which led to four-plus years of harassment and retaliation. Orig. Compl. at 5. Bowman says that he has "endured a number of different harassing actions that denied [his] students access to a fair and equitable education and prevented [him] from doing [his] job unimpeded." Am. Compl. at 4. The filings are sparse on details about the alleged harassment, although

2

his EEOC Charge does say that he was assigned additional special-needs students and had his pay withheld. EEOC Charge. Bowman says that, at first, Muhammad was the main harasser, but over the course of the last school year (2020–21), another teacher, Sheila Jones-Coleman, also began harassing him. Am. Compl. at 4. Apparently, Bowman and Jones-Coleman met to discuss Bowman's concerns, and then Jones-Coleman began harassing and retaliating against Bowman, which Muhammad allowed her to do. *Id.* When Bowman "tried to stand up for [him]self" in an unspecified way, Muhammad would threaten to discipline him. *Id.* at 4–5.

Bowman appears to believe he was retaliated against because of his religious beliefs, and because of his advocacy on behalf of special-needs students. In the request for relief in his Amended Complaint, he writes that he would like the defendant to stop treating him differently because of his religion, expressing his desire to "take religious high days off unimpeded." Am. Compl. at 6. In his response brief, Bowman explains that he never had to explain his absences for religious observances until Muhammad became principal. Pl.'s Resp. at 2. Muhammad apparently questioned those absences and Bowman faced an "inquiry about the faith [he] practice[s]." *Id.* Apparently as part of this problem, his pay was withheld while he addressed these questions about his religion, although he was ultimately able to resolve the issue. *Id.*

Bowman also explains in his response brief that, after Muhammad refused to act on his concerns about the number of special-needs students in his classroom, Bowman brought those concerns to the Chicago Teachers Union. Pl.'s Resp. at 1. This resulted in even more students being added to his classes. *Id.* Bowman views this as

3

retaliation from Muhammad for Bowman's standing up for his rights under his contract, and for his students' rights under laws governing special education. *Id*. Bowman also filed a complaint with the Illinois State Board of Education about the numbers of special-needs students in his classroom. Am. Compl. at 4. Despite his attempts to bring the issue to the attention of various authorities, Bowman continued to be assigned high percentages of special-education students. Pl.'s Resp. at 1.

Bowman filed his original Complaint using the form for a "Complaint of Employment Discrimination," and checked a box indicating that he suffered discrimination because of his religion in violation of Title VII of the Civil Rights Act of 1964. Orig. Compl. at 1, 4. A few days later, he filed an Amended Complaint (again using a fill-in-the-blank form) largely repeating the allegations in his original Complaint but adding Jones-Coleman as a defendant. Am. Compl. Bowman seeks several types of relief from the Court. *Id*. at 6. He seeks an injunction against the Board to stop violating anti-discrimination laws and stop retaliating against him, including by making it difficult for him to take time off of work for religious purposes; compensation for the harassment he experienced; and compensation for his special-needs students. *Id*. at 5–6.

## II. Legal Standard

Under Federal Rule of Civil Procedure 8(a)(2), a complaint generally need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl.*

4

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up).[2] The Seventh Circuit has explained that this rule "reflects a liberal notice pleading regime, which is intended to 'focus litigation on the merits of a claim' rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)).

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). These allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions. *Iqbal*, 556 U.S. at 678–79.

### III. Analysis

#### A. Individual Defendants

The defense asks the Court to dismiss Ali Muhammad, the principal at Bowman's school, and Sheila Jones-Coleman, another teacher there (or more specifically, a Curriculum and Instructional Coach) from this suit. Defs.' Mot. at 1. They contend that Muhammad and Jones-Coleman cannot be held liable as individuals, and that

---

[2]This opinion uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

suing them in their official capacities would be redundant with suing the Board. *Id.* at 3. They are correct.

Title VII of the Civil Rights Act of 1964 prohibits employers from discriminating against their employees because of their race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2. The Seventh Circuit has long held that in both 1964 and in 1991, when Congress passed the Civil Rights Act of 1991 amending the damages available under Title VII, "Congress never intended individual liability." *E.E.O.C. v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1281 (7th Cir. 1995). The remedies available under Title VII (as well as the Americans with Disability Act and the Age Discrimination in Employment Act) are of the kind "that an employing entity, not an individual, could provide." *Id.* Moreover, the Civil Rights Act of 1991 provided for different caps on damages for employers of different sizes, but was silent on the question of what kind of damages could be assessed against an individual defendant, further implying that individual defendants are not proper under Title VII. *Id.* There is an exception of sorts for sole proprietors of a business, but that exception does not, of course, apply here. *Id.* at 1280 n. 2; *see also Smith v. Castaways Family Diner*, 453 F.3d 971, 978 (7th Cir. 2006) ("Legally, Gonzalez as the sole proprietor *is* Castaways; she is the individual, whether by hands-on management or delegation to others of her choosing, who decides the course of the business." (emphasis in original)). There is also no need to keep the individual defendants in the case in their official capacities– this would indeed be redundant with suing the Board. *See Carver v. Sheriff of LaSalle*

6

*Cty., Illinois,* 243 F.3d 379, 381 (7th Cir. 2001) (a "Title VII claim necessarily was an official-capacity action because only an 'employer' is covered by that statute.").

To the extent that Bowman intends to bring state law claims, the Illinois Human Rights Act also applies to employers only, and not to individuals. *Watkins v. Office of State Appellate Defender*, 976 N.E.2d 387, 399 (Ill. App. 1st 2012). So, the City is correct—Jones-Coleman and Muhammad must be dismissed from the case.

### B. Relief Requested

Next, the Defendants ask the Court to strike Bowman's request for damages in the form of funds for the special-needs students who have, he says, suffered alongside him because of the harassment he experienced. Defs.' Mot. at 4. The Board outlines two problems with Bowman's request: first, the relief that Bowman seeks is not included in the remedies available under Title VII; second, Bowman does not have standing to seek relief on behalf of the non-party students. Defs.' Mot. at 4. Under either analysis, the Board is correct, and Bowman cannot obtain the relief he seeks on behalf of his students.

Title VII authorizes several forms of relief to a successful plaintiff, including injunctions against the employer, reinstatement, back pay, and more. 42 U.S.C. § 2000e-5(g). In extreme cases, plaintiffs can even receive punitive damages. *Pickett v. Sheridan Health Care Center,* 610 F.3d 434, 446–47 (7th Cir. 2001). But Title VII's enforcement section makes no provision for damages to benefit non-parties affected by the discrimination suffered by the plaintiff. 42 U.S.C. § 2000e. Title VII protects employees from discrimination; it does not protect non-parties from the ripple effects

7

of that discrimination. *See, e.g., Taylor v. ADS, Inc.*, 327 F.3d 579, 581 (7th Cir. 2003) ("Title VII protects only employees, and the evidence here unequivocally established that there was no employment relationship between Herbert Taylor and any of the defendants." (cleaned up)).[3]

Even more fundamentally, a plaintiff always bears the burden of establishing subject matter jurisdiction, which includes the constitutional requirement of standing. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009). "In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or particular issues." *Id.* (cleaned up). To satisfy Article III's standing requirement at the pleading stage, a plaintiff must allege facts that plausibly suggest that the plaintiff suffered an injury-in-fact that is fairly traceable to the conduct of the defendant and can be redressed by a favorable decision. *Larkin v. Finance Sys. of Green Bay, Inc.*, 982 F.3d 1060, 1064 (7th Cir. 2020) (citing *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016)). An injury-in-fact must be both concrete and particularized. *Spokeo*, 136 S.Ct at 1548.

Bowman does not have standing to bring claims on behalf of his students for damages under Title VII. The Court understands that actions that affect Bowman as a teacher might also affect his students, as in his vivid example of the heat being

---

[3]The same is generally true under the Illinois Human Rights Act, to the extent Bowman intends to bring a claim under that statute; it applies to actions employers take against their employees (or sometimes, contractors and consultants). ILCS 775 § 5/2-102. The Act provides for similar damages as Title VII, and similarly does not permit damages to nonparties. ILCS 665 § 5/8A-104.

8

turned up in his classroom. R. 22, Pl.'s Resp. at 2. But even in that type of situation, the students suffer harm separately from Bowman. One limitation on standing is "the general rule that a litigant must assert his own legal rights and cannot assert the legal rights of a third party." *Massey v. Helman*, 196 F.3d 727, 739 (7th Cir. 1999). The Supreme Court has recognized rare exceptions to this rule, "when the plaintiff can show a sufficiently significant personal interest in the outcome of the case to satisfy Article III's case or controversy requirement." *Id.* But even if Bowman could demonstrate such an interest, he could not bring claims on behalf of his students, because they are not entitled to recover damages under Title VII, which appears to be the sole basis of his lawsuit. As discussed above, because the students are not employees of the Board of Education, they cannot seek relief under Title VII based on alleged discrimination against Bowman. Remember that a necessary component of standing is redressability—a plaintiff does not have standing if the Court could not order relief to help him or her. *Larkin,* 982 F.3d at 1064. So even if Bowman were somehow able to act on behalf of the students, he could not get them any relief from this Court, and would therefore not have standing to request relief for them.

## IV. Conclusion

The motion to dismiss Sharon Jones-Coleman and Ali Muhammad from the case is granted. Ordinarily, a plaintiff would be given a chance to amend after a dismissal, but the complaint has already been amended once and given the legal flaw in suing individuals under Title VII, there is no realistic prospect of adding the individuals back into the case. So the dismissal of those two Defendants is with prejudice.

To the extent that Bowman purports to bring a claim under Title VII for damages for his students resulting from the harassment and discrimination he allegedly experienced, that claim is dismissed due to the lack of Article III standing. Technically, the dismissal for lack of subject matter jurisdiction is a dismissal without prejudice, and that applies here. But there is no way to overcome that legal obstacle, so again no amendment is permitted to add back a claim of damages for the students. If Bowman intended to bring a different sort of claim or form of damages, then he can ask for permission to amend his Complaint, but he must keep in mind the limitations on standing (and on Title VII) discussed in this Opinion.

ENTERED:

s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: December 25, 2021