IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARVIN BOWMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 21 C 3015 |
| v. ) | |
| ) | Magistrate Judge |
| THE BOARD OF EDUCATION OF ) | Maria Valdez |
| THE CITY OF CHICAGO d/b/a ) | |
| CHICAGO PUBLIC SCHOOLS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## ORDER

This matter is before the Court on Defendant's Motion for Protective Order Regarding Student Identities [Doc. No. 43] and Plaintiff's Unilateral Motion to Compel [Doc. No 44]. For the foregoing reasons, Defendant's motion is granted, and Plaintiff's motion is denied.

## BACKGROUND

In his amended complaint, Plaintiff, a Chicago public high school teacher, alleges discrimination and retaliation because of his religion and his advocacy on behalf of special-needs students. Among other things, Plaintiff claims that several years ago, his classes began filling up with an unusually high number of special needs students, and after raising the issue with the principal, Plaintiff was subjected to harassment. Plaintiff also sought to recover damages on behalf of the special needs students he alleges were injured as a result of the harassment. This

form of relief was dismissed from the case. *See Bowman v. Jones Coleman*, 21 C 3015, 2021 WL 6113205, at *3-4 (N.D. Ill. Dec. 25, 2021).

At issue in the present motions are three interrogatories and one request for production, which seek the following information for relevant years: (1) special education lists; (2) a list of all students who failed certain classes taught by Plaintiff and have taken night school classes at the high school; (3) a list of all students who have dropped out of the high school; and (4) a listing of all students who failed Plaintiff's classes and attended night school or summer school at either the high school or another institution. Defendant has agreed to respond to the discovery requests generally but asks for a protective order striking the discovery requests to the extent that they request student identities. Plaintiff seeks to compel Defendant to respond fully to the requests.[1]

## **DISCUSSION**

Federal Rule of Civil Procedure 26 provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the

---

[1] Plaintiff's motion also argues that Defendant had failed to turn over certain videos, but Defendant responds that all videos have been produced as of February 18, 2022.

2

proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1); *see* Fed. R. Civ. P. 34; Fed. R. Civ. P. 37(a)(3)(B).

Defendant argues that the students' identities are not relevant to any claim or defense in the case, and the non-party students would be burdened by having their names brought into the litigation, even under a confidentiality order.[2] Plaintiff responds that part of the harassment of him involved the administration "programming" his students "to harass, vex and annoy the Plaintiff." (Pl.'s Resp. to Mot. for Protective Order at 1) [Doc. No. 49]. He maintains that the students' identities, and not merely their numerical listing, is therefore relevant. Plaintiff states that he offered a compromise whereby the students on the lists would be referred to by first name and last initial, or by student ID number, but Defendant would not agree. He further contends that he was and still is the teacher of many of the students, he gave them most of the grades referred to in the discovery requests, and as a teacher he has the ability to access the information under the relevant statutes, and thus keeping the identities confidential is nonsensical.

According to Plaintiff, he is not attempting to expose students' identities, but rather he wants "to gauge an accurate accounting of which student is which as I have already seen some fudged numbers with the defendants rendering of the students as fractions instead of individual people." (*Id.* at 4.)

---

[2] Defendant also argues that the identities are also protected from disclosure by state and federal law, but those statutes and regulations are not absolute and provide that the information may be disclosed pursuant court order. *See* 20 U.S.C. § 1232g; 34 C.F.$. § 99.31(a)(9)(i); 105 Ill. Comp. Stat. § 10/6(a)(5).

The Court agrees with Defendant that the identities of the students have not been shown to be relevant to any claim or defense, and their privacy rights far outweigh any potential claim of relevance suggested by Plaintiff. First, he has not offered any evidence or concrete examples of Defendant "fudging" or otherwise providing inaccurate data that must be verified with student names. Furthermore, the discovery requests do not appear to be the type where a particular student's identity needs to be cross-checked against another list, making it necessary to at least include a unique identifier for each student across the data sets. With respect to Plaintiff's allegations that his students were used by the administration to harass him, he surely knows their identities, and providing their names on a list with all other students would not give Plaintiff any additional information.

Finally, Plaintiff's request to compel Defendant to make their "deponents available in a feasible manner that will not be difficult, frustrating, overly expensive or delay this process" is denied without prejudice. (Pl.'s Mot. at 6) [Doc. No. 44]. Both sides are, however, ordered to work in good faith to schedule all remaining depositions forthwith. Pursuant to the District Judge's February 1, 2022 order, the parties are limited to taking only those depositions listed in the March 4, 2022 status report. In light of the present order, Plaintiff may no longer refuse to schedule certain depositions on the basis that he has not received the student records. Plaintiff is also cautioned that non-party witnesses are not required to sit for depositions in the manner and time that is most efficient for him. Defendant is

urged, however, to ensure that its deponents do not unreasonably refuse to schedule their depositions at a time convenient to Plaintiff if they are able to do so.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Protective Order Regarding Student Identities [Doc. No. 43] is granted, and Plaintiff's Unilateral Motion to Compel [Doc. No 44] is denied. The parties are ordered to schedule all remaining depositions immediately and file a status report with confirmed deposition dates no later than April 1, 2022.

**SO ORDERED.** **ENTERED:**

**DATE:     March 25, 2022**

**HON. MARIA VALDEZ**
**United States Magistrate Judge**